Affirmed and Memorandum Opinion filed May 27, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00201-CR

___________________

 

Charles Ray Cofield, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 338th District Court

Harris County,
Texas



Trial Court Cause No. 1153922

 



 

 

MEMORANDUM OPINION

Appellant Charles Ray Cofield challenges the
trial court’s denial of his motion to suppress the evidence seized following
his arrest, claiming in a single issue that he was arrested without probable
cause and that the evidence of the narcotics seized should have been suppressed. 
We affirm. 

 

I.         Facts
and Procedural Background

Appellant was charged by indictment with the felony
offense of possession of cocaine, a controlled substance.  He filed a motion to
suppress all tangible evidence seized during his detention and arrest.  At a
hearing on appellant’s motion, the State stipulated that there was no warrant
for appellant’s arrest.  Two officers involved in appellant’s arrest testified
at the hearing.  Viewing the evidence in the light most favorable to the trial
court’s ruling,[1]
the record from the hearing reflects the following:

Officer Gunter was investigating the theft of a
laptop computer.  He learned that the person who had stolen the laptop sold it
for ten dollars worth of crack cocaine to a person named “Shorty,” who was
described as “a heavier-set tall black male.”  Based on information gathered
during the course of the investigation, Officer Gunter learned that Shorty
frequently visited a specific residence.  

Officer Gunter and Sergeant Irving went to the residence
seeking to find Shorty.  An unnamed resident telephoned Shorty and told him the
owner of the laptop wanted to purchase it.  Officer Gunter, posing as the owner
of the laptop, spoke to Shorty during the call.  Shorty agreed to accept $100
for return of the laptop and arranged to meet the officer at a convenience
store for the exchange.  

The officers drove to a parking lot across the street
from the pre-arranged meeting location.  The unnamed resident was present to
identify Shorty for the officers.  According to the officers’ plan, when the
resident saw Shorty arrive, she was to signal the officers by standing up and
walking to Shorty’s vehicle.  She sat on the curb in the store’s parking lot
and waited to give the signal.  

Officer Gunter knew the description of the vehicle
Shorty would be driving based on information provided by the unnamed resident. 
Officer Gunter saw a vehicle pull into the store’s parking lot and noted that
the driver had failed to signal his turn on two occasions before entering the
lot.  When the vehicle arrived, the unnamed resident stood up and walked over
to that vehicle, which signaled to the officers that Shorty had arrived.  The driver,
appellant, got out of the vehicle holding a laptop that matched the description
of the unique stolen property.  

The officers pulled their unmarked vehicle behind appellant’s
vehicle and exited, wearing jackets identifying them as police officers.  When appellant
saw the officers, he turned to get back into his vehicle.  Sergeant Irving drew
his gun and ordered appellant to place the laptop on the roof of the vehicle.  

The officers arrested appellant and placed him in
handcuffs.  As he was arrested, appellant told Officer Gunter, “Just because
I’m in possession of a stolen computer doesn’t mean it’s against the law.”  Sergeant
Irving conducted a full search of appellant.  Among the items he recovered from
appellant’s pockets as a result of the search was an empty pack of cigarettes
containing what appeared to be a “quarter cookie” of crack cocaine inside a
plastic bag.  The substance tested positive for cocaine in a field test.

The trial court denied appellant’s motion to
suppress.  Appellant waived his right to have a trial by jury and entered a
plea of “guilty” to the charged offense and “true” to an enhancement paragraph.
 The trial court found appellant guilty of the offense of possession of a
controlled substance.  After finding the enhancement paragraph to be true, the
trial court assessed punishment at fifteen years’ confinement.  

II.        Analysis

In a single issue, appellant contends that the trial
court erred in denying his motion to suppress the evidence seized at the time
of his arrest because the officers did not have probable cause to arrest him. 
Appellant contends that the police had no probable cause to arrest him because
the officers did not know if he was “Shorty” or if the laptop he carried was
the stolen laptop.  

We review a trial court’s ruling on a motion to
suppress evidence under a bifurcated standard of review.  Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  At a suppression hearing, the trial
court is the sole finder of fact and is free to believe or disbelieve any or
all of the evidence presented.  Wiede v. State, 214 S.W.3d 17, 24–25
(Tex. Crim. App. 2007).  We give almost total deference to the trial court’s
determination of historical facts that depend on witnesses’ credibility and
demeanor, but review de novo the trial court’s application of the law to the
facts if resolution of those ultimate questions does not turn on the evaluation
of credibility and demeanor.  See Guzman, 955 S.W.2d at 89.  When, as in
this case, there are no written findings of fact in the record, we uphold the
ruling on any theory of law applicable to the case and presume the trial court
made implicit findings of fact in support of its ruling so long as those
findings are supported by the record.  State v. Ross, 32 S.W.3d 853,
855–56 (Tex. Crim. App. 2000).  A court reviewing a trial court’s ruling on a
motion to suppress “‘must view the evidence in the light most favorable to the
trial court’s ruling.’”  Wiede, 214 S.W.3d at 24 (quoting State v.
Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006)).  If supported by the
record and correct under any theory of law applicable to the case, a trial
court’s ruling on a motion to suppress will not be overturned.  Amador v.
State, 275 S.W.3d 872, 878–79 (Tex. Crim. App. 2009).  

A warrantless arrest is permitted only when probable
cause for an arrest exists and at least one of the statutory exceptions to the
warrant requirement is met.  McGee v. State, 105 S.W.3d 609, 614 (Tex.
Crim. App. 2003).  A peace officer may lawfully stop a motorist who commits a
traffic violation when the officer has probable cause to believe a traffic
violation has occurred.  Garcia v. State, 827 S.W.2d 937, 944 (Tex.
Crim. App. 1992).  A peace officer may make a warrantless arrest of any person
who commits a traffic violation.  Tex.
Transp. Code Ann. § 543.001 (Vernon 1999); see Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon 2005) (“A peace officer may arrest an offender without a
warrant for any offense committed in his presence or within his view.”); Vafaiyan
v. State, 279 S.W.3d 374, 380 (Tex. App.—Fort Worth 2008, pet. ref’d)
(providing that a violation of Texas traffic laws constitutes probable cause to
arrest).  Under the Texas Transportation Code, a motorist commits a traffic
violation if the motorist turns without properly signaling for at least one
hundred feet prior to making the turn.  Tex.
Transp. Code Ann. § 545.104(b) (Vernon 1999); see Vafaiyan, 279
S.W.3d at 380.

The officers testified that they observed appellant’s
failure to signal a turn twice before he drove into the pre-arranged location. 
Even though appellant argues that the officers did not have enough information
about Shorty’s identity or the laptop carried by appellant to amount to
probable cause to arrest appellant, the record in this case supports an implied
finding of fact by the trial court that appellant’s traffic violations provided
probable cause for his warrantless arrest.  See Tex. Transp. Code Ann. § 545.104(b); Vafaiyan, 279
S.W.3d at 380.

Officers are not prohibited from searching an arrestee
incident to lawful arrest.  See McGee, 105 S.W.3d at 615 (providing that
a person may be subject to a search incident to a lawful arrest).  Therefore,
the officers’ warrantless search of appellant following his lawful arrest, in
which they found cocaine in appellant’s possession, was proper. See Snyder
v. State, 629 S.W.2d 930, 934 (Tex. Crim. App. 1982) (concluding
warrantless search of an accused’s wallet, which contained methamphetamine, was
permissible as a search incident to arrest for accused’s failure to produce
valid driver’s license, displaying an invalid inspection sticker, and driving
with nonfunctioning brake lights).  The record supports the trial court’s
implied findings of fact that appellant’s warrantless arrest was legally
justified and that the evidence gathered after his arrest should not have been
suppressed.  We cannot say that the trial court abused its discretion in
denying appellant’s motion to suppress.  See id.

We overrule
appellant’s sole issue on appeal and affirm the trial court’s judgment.

                                                                                    

 

 

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel
consists of Justices Frost, Boyce, and Sullivan.

Do Not Publish —
Tex. R. App. P. 47.2(b).









[1] Baldwin v. State,
278 S.W.3d 367, 369 (Tex. Crim. App. 2009).